# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharon Dallas, | No. CV-18-01672-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Sunitha Yalamanchili, et al., | |
| Defendants. | |

Pending before this Court is Plaintiff's application for leave to proceed in forma pauperis. (Doc. 2). In this application, Plaintiff reveals that she is currently in bankruptcy. (Doc. 2 at 4). If Plaintiff is in bankruptcy, the Court is skeptical that it has subject matter jurisdiction over this case.

Generally, when a plaintiff files a bankruptcy petition, the plaintiff creates a bankruptcy estate that typically would include the property that is the subject of this litigation. 11 U.S.C. § 541(a)(1), (7) ("The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: ... all legal or equitable interests of the debtor in property as of the commencement of the case.... [and][a]ny interest in property that the estate acquires after the commencement of the case."). Section 541 is broad in scope and includes causes of action. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 (1983). The bankruptcy trustee — and not a debtor-plaintiff — alone has the capacity to sue on behalf of the bankruptcy estate. *In Re Estate of Spirtos,* 443 F.3d 1172, 1176

(9th Cir.2006) ("[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate."). *See also* 11 U.S.C. § 323(b) ("The trustee in a case under this title has capacity to sue and be sued."); *In re Eisen,* 31 F.3d 1447, 1451 n. 2 (9th Cir.1994) ("Once appointed a trustee, the debtor's assets and claims pass to the trustee, making the trustee 'the proper party in interest, and the only party with standing to appeal the bankruptcy court's order.'" (quoting *Hancock Bank v. Jefferson,* 73 B.R. 183, 185 (Bankr.S.D.Miss.1986)); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 707-09 (9th Cir.1986) (holding that debtor's claim of emotional distress properly belonged to the estate).

Based on the foregoing, the Court will require Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction because it was not brought by the Trustee of the bankruptcy estate. Accordingly,

**IT IS ORDERED** that by June 18, 2018, Plaintiff shall show cause why this case should not be dismissed as discussed above.

Dated this 4th day of June, 2018.

James A. Teilborg
Senior United States District Judge

- 2 -